UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGIMEN C. CALDWELL,<br><br>             Petitioner,<br><br>     v.<br><br>E. VALENZUELA, et al.,<br><br>             Respondents. | Case No. CV 14-2567 RGK(JC)<br><br>(~~PROPOSED~~) ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge (with one correction to a footnote)[1] and overrules the Objections.

---

[1] This Court notes that footnote 6, which appears on page 4 of the Report and Recommendation contains an incorrect date and corrects such footnote so that it reads as

(continued...)

The Court further specifically addresses certain Objections raised by petitioner.

First, contrary to petitioner's contention (Objections at 2), given the extensive information in the record regarding the reasons for the delay in petitioner's filings, the Court need not conduct an evidentiary hearing on this issue. Cf. Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010) (evidentiary hearing not required where "the record is amply developed, and . . . it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition"), cert. denied, 132 S. Ct. 286 (2011).

Second, this Court rejects petitioner's assertion that his "actual innocence" should serve as a gateway through which he can pass and which should compel this Court to consider the merits of his claims. (Objections at 2-3). In rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence

---

[1](...continued)
follows: "Respondents assert that the First State Petition was filed on December 8, 2008. (Respondents' Memo at 1). The First State Petition in the record is not file-stamped. (Lodged Doc. 1). The order denying the First State Petition reflects that the First State Petition was filed on December 4, 2008. (Lodged Doc. 2)."

– that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his otherwise time-barred claims.

IT IS THEREFORE ORDERED that the Petition is denied as time-barred, that this action is dismissed with prejudice, and that Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on petitioner and counsel for respondents.

DATED: December 2, 2014

_____
HONORABLE R, GARY KLAUSNER
UNITED STATES DISTRICT JUDGE